GATES, P. J.,
— A resolution of this controversy requires an interpretation of the new Minor Judiciary Court Appeals Act of December 2, 1968, P. L.-(No. 355) 42 PS §3001, et seq.
The operative facts here are not disputed. Defendant was charged with violating a summary provision *621 of The Vehicle Code. After a hearing, he was found guilty and fined five dollars and ordered to pay the costs of $10.
Subsequently, defendant filed an appeal pursuant to the provisions of the new Minor Judiciary Court Appeals Act. The district justice followed the act and returned all the necessary papers, except he did not remit the amount of fines and costs received. As a result, on March 25, 1971, defendant filed a praecipe for judgment of non pros with the Clerk of the Court of Common Pleas of Lebanon County, Pa., Criminal Division. The district attorney resists, and the matter has been briefed and submitted to us for disposition.
Section 3(d) of the Minor Judiciary Court Appeals Act, 42 PS §3003(d), provides as follows:
“The issuing authority shall within twenty days after service upon him of a notice of appeal file with the officer of the court his transcript of proceedings, the amount of fines and costs and bail received in said case, if any, the summons or warrant issued by him, the original copy of the complaint and the bail undertaking executed by the defendant, if any; he shall also serve personally or by certified mail a copy of his transcript upon the attorney for the defendant, or if none, upon the defendant.”
Section 3, subsection (e), of the act further provides as follows:
“The failure of the issuing authority to file the transcript and other papers of the proceeding as required above shall result in rendering the conviction a nullity and the officer of the court with whom the notice of appeal was filed shall, upon praecipe of the defendant, enter a judgment of non pros; upon presentation of a certificate of judgment of non pros issued by the officer of the court, the issuing authority shall refund to the defendant the fine and costs pre *622 viously paid and make the appropriate entry upon his records.”
The Minor Judiciary Court Appeals Act has removed the discretionary aspects of the right to appeal from the decisions of the minor judiciary and, in effect, implemented our new Pennsylvania Constitution, making the right to appeal from the minor judiciary a matter of right. Obviously, the legislators also intended to provide a simplified procedure and .eliminate confusion, duplication and inconsistencies created by existing statutes in the field of appeals from decisions of the minor judiciary. To accomplish this purpose and intent, the act, in section 7, specifically repealed 18 other acts or parts of them. Unfortunately, the repealer act made no mention of the Act of April 29, 1959, P. L. 58, sec. 1301(b) as amended, 75 PS §1301. This act provides for the disposition of fines and forfeitures. In general, it enumerates the fines collected for violations of certain sections of The Vehicle Code and directs remission of them to the municipality in which the offense occurred. It provides that fines and penalties collected and all bail forfeited for violating section 1037 of The Vehicle Code (operating under influence of intoxicating beverages) shall be paid to the county in which the violation occurs. It further provides that all other fines and penalties collected under The Vehicle Code, as well as all bail forfeitures, shall be paid to the Department of Transportation and transmitted to the State Treasury and credited to the general fund.
Section 1301(b) provides that sworn statements of the fines and penalties so collected and all bail forfeited shall be made by the magistrate imposing or receiving the same and return the report and funds monthly not later than the tenth day of the following month. This act makes the failure to make such monthly report and return a misdemeanor.
*623 We believe, however, that the intention of the legislature is clear. It intended to set up a single, uniform procedure in all appeals from decisions of the minor judiciary. Therefore, every use of the word “shall” in the act must, therefore, have been intended to be mandatory. To hold otherwise would so seriously impair the purposes of the statute as to amount to a defeat of that purpose. But where an ambiguity or a seeming dilemma exists, we should interpret the Minor Judiciary Court Appeals Act in conjunction with other acts of the legislature imposing duties on the minor judiciary in such a way as to eliminate confusion, duplication and dilemmas.
Subsection (d) of section 3003 of the Minor Judiciary Court Appeals Act clearly mandates that the issuing authority must return within 20 days after service upon him of the notice of appeal with the clerk of the court of common pleas his transcript of the proceedings and the fines and costs and bail received by him. If he does this, he is then relieved of any responsibilities imposed upon him to report and remit fines to the State Treasury as required by section 1301 of The Vehicle Code and his duties imposed by section 7 of the new Magisterial Districts Act of December 2, 1968, P. L. -, (No. 359) sec. 7, 42 PS § 1407.
The purpose of requiring the issuing authority, on appeal, to file a transcript of the proceedings, the amount of fines and costs and bails received if any, the summons or warrant issued by him, the original copy of the complaint and the bail undertaking executed by defendant is obvious. Subparagraph (f) of section 3003 requires the common pleas court to hear the matter de novo. Thus, it is necessary that we have before us all of the necessary papers to understand the nature of the charge and the proceedings held by the district justice. All we need to have in *624 order to proceed de novo axe the papers themselves and not the cash collected by the district justice. While the act requires him to return it, we do not believe it is fatal to the proceeding if he fails to remit the amount so long as his records disclose, as they do in this case, the amount of fine and costs collected.
Subsection (e) of section 3003 is designed to establish a procedure for those cases where the district justice has totally ignored his duties with respect to processing the appeal. His failure to file the transcript and “other papers” necessary to conduct the hearing de novo constitutes the proceeding a nullity, and the certificate of a judgment of non pros issued by the clerk of court following the failure compels the district justice to refund to defendant the fine and costs previously paid. But we do not believe the “other papers of the proceeding” include the actual amount of the fines and costs collected by him. The reason is obvious. Defendant has 10 days from the date of the conviction hearing to appeal it by filing with the clerk of the court of common pleas a notice of appeal. A copy of the appeal must also be served within 10 days on the issuing authority. In cases where the appeal notice has not been served until after the district justice has made his monthly report to the State Treasurer, the treasurer of the municipal subdivision and the county commissioners, he will not have in his possession the amount of the fines and costs collected by him. It would be an exercise in futility for the district justice to set about trying to recover the amounts he has remitted and correcting his reports, and our experience has been that it would take considerably longer than 20 days to accomplish that feat. But assuming he has gone through all of this procedure, he will have wasted a considerable amount of time if the appeal is unsuccessful.
*625 The instant case is perhaps just such a situation. The hearing was held on February 23,1971. The notice of appeal was filed on March 2,1971. It is conceivable, but of no importance, that the district justice promptly made his monthly report and remittances and no longer had the fine and costs in his possession.
It is our conclusion that the failure of the district justice to return the fines and costs collected does not render the conviction a nullity. If he returns the transcript which reflects the amount of fines and costs collected and all of the other papers required by subsection (d), he has complied with the act at least sufficiently enough to prevent the entry of a judgment of non pros. If the issuing authority has not returned the fines and costs as required by the statutes mentioned herebefore, he should explain his failure or inability in his transcript. But, we firmly believe that his failure to do so does not entitle a defendant to a judgment of non pros. Consequently, we will make the following
ORDER
And now, to wit, May 18, 1971, defendant’s motion for a judgment of non pros is refused, and the district attorney is directed to list the appeal for a hearing before us.